**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carol Elaine GORDON,**
**Defendant-Appellant.**

No. 83–1290
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1983.

Michael Rodgers, Dallas, Tex., for defendant-appellant.

Sidney Powell, Michael McDonald, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Carol Elaine Gordon was found guilty of conspiracy to possess marijuana with intent to distribute and possession of marijuana in violation of 21 U.S.C. § 841(a)(1) and 846. She challenges her conviction on the ground that the trial court erred when it failed to suppress as evidence the one thousand pounds of marijuana which was found as the result of a warrantless stop and search of a motor home in which she was a passenger. Finding that the trial court's ruling on the motion to suppress was correct, we affirm.

I.

On January 21, 1983, United States Customs Patrol Officers James Straba and Mario Muniz were returning to their headquarters in Big Bend National Park, Texas, when they observed a motor home stuck in the mud alongside Highway 118, approximately fifty miles from the Texas-Mexico border. The officers, who were in an unmarked patrol vehicle, approached the motor home and offered assistance to its occupants, a Latin male with one eye that rolled up in his head, and a bearded Caucasian male.[1] After the vehicle was freed from the mud, the men drove it south on Highway 118. Because the officers thought it unusual for two men to be traveling in a motor home in that area, they noted the license plate number of the vehicle.

Upon returning to their headquarters, the officers related details of the encounter to their supervisor who immediately recognized the description of the Latin male as that of Jose Lozano, a member of the Alfred Lozano marijuana smuggling group. A computer check of the vehicle's license number revealed that the motor home was registered to the same address as a vehicle seized in a 1,300-pound marijuana case in June 1982. The headquarter's files indicated that the standard operating procedure of the group was to bring marijuana from the border area by mule train, transfer it to motor homes, "[a]nd then in daylight hours ... move out as if they were tourists with the rest of the motor homes." Based upon this information, the officers decided to establish surveillance the next morning on each of the three major routes from the border and to stop the motor home if it were again encountered.

On the morning of January 22, Straba and Muniz observed the same motor home traveling north on Highway 118. After following it for approximately fifteen or twenty minutes, the officers, with the assistance of the Texas Department of Public Safety, stopped the vehicle. When Straba approached the motor home, its occupants, Carol Elaine Gordon and Fred Gordon,[2] were already standing outside of the vehicle. Fred Gordon exclaimed, "You got me, you got me, you caught us." A strong odor of marijuana emanated from the open door of the motor home. A search of the interior revealed one thousand pounds of marijuana.

II.

On appeal, Gordon argues that the trial court erred in refusing to grant her motion to suppress because "there was not sufficient probable cause to believe that a crime was being committed and to justify the warrantless stop and search of the vehicle" in which she was a passenger.

A law enforcement officer is not required to have probable cause to make an investigatory stop of a vehicle. Such a stop is lawful if the officer has a reasonable suspicion that the occupants of the vehicle

---

1. The bearded Caucasian male was later identified as Fred Gordon.

2. Jose Lozano was not a passenger in the motor home at the time of the stop.

are engaged in criminal activity. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981); *United States v. Sutton*, 636 F.2d 96 (5th Cir.1981); *United States v. Allison*, 616 F.2d 779 (5th Cir.1980). Here, the stop of the motor home on January 22 was a proper investigative stop based upon the reasonable suspicion of Officers Straba and Muniz that the occupants were engaged in criminal activity. Their identification of the Latin male as a member of the Alfred Lozano marijuana smuggling group, their knowledge that the motor home was registered to the same address as a motor home which had been seized in an earlier marijuana arrest, and their knowledge that the marijuana smuggling activities of the Alfred Lozano group involved the use of motor homes, were enough to constitute the reasonable suspicion necessary to make the investigatory stop.

 After the motor home was properly stopped, the odor of marijuana emanating from the open door of the motor home supplied probable cause to search the vehicle. *United States v. Villarreal*, 565 F.2d 932, 937 (5th Cir.), *cert. denied*, 439 U.S. 824, 99 S.Ct. 92, 58 L.Ed.2d 116 (1978). As a result, the seizure of the marijuana did not violate Gordon's fourth amendment rights.

For the above and foregoing reasons, the judgment of conviction is

AFFIRMED.