THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ERIC ELLIS, Defendant-Appellee.

Fifth District   No. 5—84—0039

Opinion filed February 27, 1985.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle,
Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appel-

late Service Commission, of counsel), for the People.

Donald E. Groshong, of Groshong & Moorman, Ltd., of East Alton, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Eric Ellis, was indicted for the offense of arson. Defendant filed a motion to suppress alleging that his warrantless arrest on August 18, 1983, was made without probable cause. After a hearing, the trial court granted defendant's motion to suppress items of clothing seized from defendant and statements defendant made to police. The State appeals this ruling.

Special Bethalto police officers Tim Lowrance and Robert Baker gave testimony concerning the arrest of defendant on August 18, 1983. The police officers stated that at approximately 12:30 a.m. they were dispatched to the vicinity of 548 Strohbeck Lane in Bethalto to investigate the presence of a suspicious vehicle at that address. As they proceeded, the police officers noticed a car matching the description given in the dispatch coming from the direction of 548 Strohbeck Lane and observed that defendant was driving the vehicle. The police officers knew that defendant was wanted for questioning by agents of the Illinois Division of Criminal Investigation (D.C.I.) concerning an arson investigation, so they stopped the vehicle defendant was driving. The police officers requested that defendant produce his driver's license and radioed for information on whether defendant was still wanted for questioning by the D.C.I. Finding that D.C.I. was still seeking defendant, the police officers placed him "under arrest for investigation of arson." Both police officers testified that there was no outstanding warrant for defendant's arrest at the time he was taken into custody. Defendant was taken to the Bethalto police department, where he was questioned and his shirt was taken as evidence.

Lance Gold, who was with defendant at the time of the arrest and owned the car which defendant was driving, gave the police officers permission to search the vehicle. Two empty gas cans were found in the trunk. The police officers subsequently learned that the house at 548 Strohbeck Lane, which defendant said he had been coming from at the time of his arrest, was defendant's parents' house, where defendant had been living. The house had recently been burned and was the subject of an arson investigation.

Wayne Watson, an agent with the D.C.I., testified that about 12:45 a.m. on August 18, 1983, he was informed by the Bethalto po-

lice that his presence was required at the police station. Agent Watson stated that he and another D.C.I. agent, Agent Simpson, wished to question the defendant and gave verbal instructions to the Bethalto police department to pick up and detain defendant. Agent Watson testified that the house locatad at 548 Strohbeck Lane was intentionally set afire by the use of flammable liquids and that defendant was a suspect.

Agent Watson testified that he believed he had probable cause to arrest defendant for arson based upon the following facts: (1) a suitcase which contained, *inter alia*, clothing belonging to defendant, was found outside the burning house in a wooded area approximately 50 yards from the burned house; (2) a neighbor, Mrs. Redman, said she saw defendant two blocks from his house at around 7 a.m. the morning of the fire, which was about three hours after the fire occurred; (3) another neighbor, Mrs. Zumbaum, stated that her husband had received a call from defendant the afternoon of the fire and that defendant indicated he had been applying for a job at a barge line the morning of the fire; (4) the D.C.I. agents had been told by an acquaintance of defendant that defendant had admitted arson regarding another house; and (5) there were no signs of forced entry into the house at 548 Strohbeck Lane.

Agent Watson testified that a warrant had not been sought prior to defendant's being stopped by Bethalto police because the arson investigation was proceeding quickly and it was not convenient to seek a warrant at that point in the investigation.

Defendant testified that in the late hours of August 17 and early hours of August 18, 1983, he had a date with a young lady and was accompanied by Mike Gold and Mike's girlfriend. He said that he had been drinking and that at the time of his arrest by Bethalto police he was intoxicated. Defendant testified that he and Lance Gold went to 548 Strohbeck Lane to retrieve his dog, which had been left tied up to a tree in the front yard. According to defendant, he was arrested after he and Lance Gold had obtained the dog and were driving away from the house.

The sole issue on review is whether there was probable cause for defendant's arrest on August 18, 1983.

Probable cause for an arrest exists when facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person in believing that an offense has been committed and that the person arrested has committed the offense. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 166, 445 N.E.2d 766, 769; Ill. Rev. Stat. 1983, ch. 38, par. 107—2(c).) This determination re-

quires an examination of probabilities and is based upon factual and practical considerations of everyday life. (*People v. Moody* (1983), 94 Ill. 2d 1, 7-8, 445 N.E.2d 275, 278.) The facts upon which probable cause to arrest is based need not be sufficient to convict a person, but something more than a mere "hunch" or suspicion is required. (*People v. Gutknecht* (1984), 121 Ill. App. 3d 839, 842, 460 N.E.2d 60, 63.) A trial court's determination as to the existence of probable cause to arrest will not be disturbed on appeal unless it is manifestly erroneous. *People v. Clay* (1973), 55 Ill. 2d 501, 505, 304 N.E.2d 280, 282; *People v. Thomas* (1984), 123 Ill. App. 3d 857, 863, 463 N.E.2d 832, 837.

The State maintains that probable cause to arrest defendant existed based upon the five facts enumerated by Agent Watson at the hearing on defendant's motion to suppress. Defendant contends that the facts relied upon by Agent Watson constitute nothing more than a mere suspicion of defendant's guilt. We conclude that the trial court's decision to grant defendant's motion to suppress was not manifestly erroneous.

The State first points to the fact that a suitcase containing some clothing belonging to defendant, some roller skates, and some magazines with defendant's last name on them were found unburned outside defendant's home and suggests that defendant surreptitiously placed the suitcase there so that the items contained in the suitcase would not be destroyed by fire. We conclude that the State's presumption regarding the discovery of this suitcase is not reasonably warranted. The suitcase and its contents could be totally unrelated to the fire. The suitcase may have been discarded rather than placed there with a purpose. Indeed, defendant's mother told police that she had sacked up old clothing for disposal prior to the fire. Additionally, even assuming that the suitcase was placed outside defendant's house with a purpose, there is no direct evidence that defendant is the person who placed it there. On cross-examination, Agent Watson admitted that the name on some of the magazines found in the suitcase was that of Morris Ellis, defendant's father. We are of the opinion that the existence of the suitcase and its contents, while worthy of investigation, does not warrant the conclusion that defendant was an arsonist.

The second fact relied upon by the State to establish probable cause is that defendant had been seen walking away from the area of his home at 7 a.m. the morning of the fire. The State suggests that since defendant was seen two blocks away three hours after the fire, he must have known that his residence had burned, contrary to what

he told his neighbor, Mr. Zumbaum, later that same afternoon. However, it is not surprising that defendant was in the vicinity of his own home, and there is no evidence to indicate that he was aware of the destruction of his home.

The third fact upon which the State relies to establish probable cause is related to the second fact mentioned in that it involves a conversation defendant had with his neighbor, Mr. Zumbaum. Somewhere between 2 p.m. and 4 p.m. on the day of the fire, defendant telephoned the Zumbaum residence. Defendant had heard that his home had burned, and he sought verification from Mr. Zumbaum. Defendant asked Mr. Zumbaum if his mother was injured and how badly damaged his home was. Defendant was informed that his mother was fine but his home was completely destroyed. Defendant told Mr. Zumbaum that he'd been applying for a job at a barge line the morning of the fire. From this fact and the fact that defendant had been seen in the vicinity of his home the morning of the fire, the State concludes that defendant lied to Mr. Zumbaum and "was simply trying to establish an alibi." Once again, the conclusion drawn by the State does not necessarily follow. It is quite possible that defendant did indeed make a job application the morning of the fire either before or after he was allegedly observed in the vicinity of his home at 7 a.m.

The State also seeks to establish probable cause by relying on the fact that a "friend" of defendant's had told police that defendant told him he had set fire to another house. The State concludes that since defendant was accused of a different though similar offense, he must have committed the arson of his own home. The State's reasoning is faulty. We do not believe that the unproved accusation that defendant committed a different crime establishes probable cause to arrest defendant for the arson of his home.

Finally, the State notes that there were no signs of forced entry into defendant's house and, therefore, defendant must have committed the offense of arson. This conclusion ignores the fact that other family members also had access to the house. It also overlooks the possibility that the house could have been entered through a door or window which negligently had been left open.

Our review of the facts in the instant case leads us to conclude that the trial court's judgment that defendant was arrested without probable cause was not manifestly erroneous. The facts known to police at the time of defendant's arrest together with their reasonable inferences fail to establish anything beyond a mere "hunch" or suspicion that defendant committed the arson of his home. Since the po-

lice lacked probable cause to arrest defendant, the evidence obtained as a result of his unlawful arrest was properly suppressed.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES, P.J., and KARNS, J., concur.