THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN STRAUSER *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—83

Opinion filed July 22, 1986.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Christopher J. Cummings, and Anna Demacopoulos, Assistant State's Attorneys, of counsel), for the People.

Barry S. Pechter, of Michael D. Ettinger & Associates, Ltd., of Oak Lawn, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

In this second appeal, the State claims that the circuit court erred in finding no probable cause to arrest and in suppressing the resulting evidence. The issues presented include whether: (1) the circuit court erred in hearing defendants' motions to suppress evidence in light of this court's earlier decision in this case; (2) the circuit court erred in finding that the police lacked probable cause to arrest defendants; and (3) the circuit court erred in not finding that the police had an articulated suspicion which was elevated to probable cause when a defendant falsely identified himself as a policeman.

Defendants John Strauser and John Tyrell, his uncle, arrested on October 27, 1981, were both charged by information with possession of a controlled substance, codeine (Ill. Rev. Stat. 1979, ch. 56½, par. 1402(b)), and delivery of between 30 and 500 grams of cannabis (Ill. Rev. Stat. 1979, ch. 56½, par. 705(d)).

Police claimed they had received information from two confidential informants that Strauser frequented the Delphian House Restaurant and that he sold drugs there. Both informants previously had provided information which had resulted in drug seizures. The police were familiar with Strauser. At about 12:30 p.m. on October 27, 1981, Strauser's car was seen in the Delphian House Restaurant parking lot where police began their surveillance and observed: At about 1 p.m. Strauser drove to the Burbank State Bank, then left the bank and drove to a McDonald's where he met Tyrell. After eating lunch, Strauser and Tyrell walked to a nearby service station and used the pay phone. They then returned to McDonald's and left, driving their separate cars. Tyrell then followed Strauser for about five miles to an apartment complex at 8640 S. 86th Avenue in Justice. Upon arriving about 30 seconds after Strauser and Tyrell, the police saw Tyrell sitting in his car in the apartment parking lot and Strauser's car parked nearby. Strauser was not in sight, but shortly thereafter he came out of the apartment building carrying a briefcase and began walking toward Tyrell's car, looking all around. As he approached Tyrell's car, he looked all around again, and then handed the briefcase through the car window to Tyrell. Tyrell then handed Strauser something which he put in his right rear pants pocket. Strauser walked away from the car, and Tyrell pulled out of the parking lot.

Tyrell was then stopped by the police on the Stevenson Expressway near LaGrange Road, about two miles from the apartment building. The police identified themselves and asked where he was coming from. Tyrell falsely stated that he was "a cop too." They asked for identification, and Tyrell produced a McHenry County sheriff's I.D.

One officer smelled the "distinctive sweet smell" of marijuana in the car. When Tyrell was asked about the briefcase lying on the back seat, he said he received the case from "Harry" and was just holding onto it for the weekend. The officer who had "smelled" marijuana in the car, then smelled the case and said it was the source of the smell.

Tyrell was arrested and other surveillance units which were following Strauser were told to arrest him. The officers then took Tyrell back to the apartment complex and attempted to find the apartment the drugs had come from. When Strauser was arrested, $2,480 was found in his right rear pants pocket.

The arrest took place at about 3 p.m. After a team of dogs alerted to the briefcase, a search warrant for it was issued at 12:50 a.m. and then executed. The briefcase contained four "zip-lock" plastic bags of crushed plant material believed to be marijuana. A brown athletic bag which Strauser had when he was arrested was found to contain codeine from a prescription in someone else's name. The codeine was found when a policeman opened Strauser's bag to get his glasses after Strauser requested them.

Tyrell and Strauser were both charged by information with possession of a controlled substance, codeine, and delivery of between 30 and 500 grams of cannabis. (Ill. Rev. Stat. 1979, ch. 56½, pars. 1402(b), 705(d).) Tyrell presented a motion to suppress the evidence as the fruit of an unlawful arrest and a motion to quash the search warrant. Strauser also presented a motion to quash the search warrant. On February 9, 1982, the circuit court held a hearing on the motions and granted Tyrell's and Strauser's motions to quash the search warrant, but apparently did not reach Tyrell's motion to suppress. On September 13, 1983, this court reversed the circuit court and remanded the case for further proceedings. *People v. Strauser* (1983), 117 Ill. App. 3d 1159 (unpublished Rule 23 order).

On remand, Strauser filed a motion to quash the arrest and suppress the evidence due to a lack of probable cause to arrest and a motion to suppress the evidence premised on *United States v. Place* (1983), 462 U.S. 696, 77 L. Ed. 2d 110, 103 S. Ct. 2637. Tyrell then refiled his motion to suppress the evidence premised on lack of probable cause to arrest. On December 6, 1984, the circuit court heard the motions and suppressed the evidence ruling that it had resulted from an unlawful arrest, an arrest lacking probable cause. The court specifically did not reach the *United States v. Place* argument.

The State appeals in accordance with Supreme Court Rule 604(a)(1) (94 Ill. 2d R. 604(a)(1)).

## I

■ The State initially contends that the circuit court erred in "rehearing" the suppression motions, contending that the "rehearing" was precluded by the doctrine of the law of the case and collateral estoppel. This court has previously noted that "in the absence of additional evidence or exceptional circumstances, collateral estoppel bars the relitigation of an order sustaining or denying a pretrial motion to suppress evidence." (*People v. Nelson* (1981), 97 Ill. App. 3d 964, 967, 423 N.E.2d 1147.) In this instance, however, the issues being "relitigated" concern probable cause to arrest, not the earlier determined sufficiency of the search warrant. Therefore, the State's reliance on collateral estoppel is misplaced.

Similarly, the State's law-of-the-case argument must fail. The circuit court's erroneous 1982 order quashing the search warrant and this court's reversal of that order in 1983 were both premised on and limited to the issue of probable cause for the issuance of the search warrant. The circuit court order of December 6, 1984, however, suppressed evidence based on the lack of probable cause to arrest. Tyrell's motion to suppress which he filed in 1984 was, as the State notes, an exact copy of the motion to suppress which he filed in 1982. Contrary to the State's assertions, however, this is not "convincing evidence" that the motion was previously litigated. The transcript of the first hearing indicates that the court heard only the two motions to quash the search warrant and did not reach the motion to suppress.

Additionally, the State's characterization of this court's previous Rule 23 order as "mandating a 'remand of the proceeding consistent with the holding' admitting the briefcase full of marijuana" misconstrues and misquotes this court's previous holding. Our previous holding and the issue then presented to us was limited to the sufficiency of the search warrant. We held that the warrant was sufficient and supported by probable cause, but did not make a blanket statement that the evidence was admissible.

## II

■ The State next contends that the circuit court erred in holding that the police lacked probable cause to arrest defendants. In determining the existence of probable cause to arrest, the interests of privacy and law enforcement are balanced and when there is uncertainty as to whether a crime has been committed, privacy may be more heavily weighted. (*People v. Wright* (1986), 111 Ill. 2d 128, 146-47, 490 N.E.2d 640; *People v. Reynolds* (1983), 94 Ill. 2d 160, 166, 445

N.E.2d 766.) The State carries the burden of proving that a warrantless arrest was based on probable cause. (*People v. Matthews* (1985), 137 Ill. App. 3d 870, 874, 485 N.E.2d 403.) The existence of probable cause is a mixed question of law and fact premised on a commonsense view of the totality of the circumstances. (*People v. Lippert* (1982), 459 U.S. 841, 74 L. Ed. 2d 85, 103 S. Ct. 92; *People v. Matthews* (1985), 137 Ill. App. 3d 870, 874, 485 N.E.2d 403.) A "mere suspicion" that an individual has committed an offense is insufficient; however, evidence sufficient to convict is not required. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 166, 445 N.E.2d 766; *People v. Lippert* (1982), 89 Ill. 2d 171, 178, 432 N.E.2d 605, *cert. denied* (1982), 459 U.S. 841, 74 L. Ed. 2d 85, 103 S. Ct. 92; *People v. Ellis* (1985), 131 Ill. App. 3d 639, 642, 476 N.E.2d 22.) Since arrests may serve an investigative function, our supreme court has noted that arrests are not limited to instances when the facts only indicate that it is more probable than not that the suspect has committed the crime. *People v. Lippert* (1982), 89 Ill. 2d 171, 179, 432 N.E.2d 605, citing 1 W. LaFave, Search and Seizure sec. 3.2, at 478-85 (1978).

■ Generally, a police officer may make a warrantless arrest if he has probable cause to believe that the person arrested is committing or has committed an offense. (*People v. Millender* (1986), 140 Ill. App. 3d 504, 509, 488 N.E.2d 1105.) Probable cause exists when the arresting officer's knowledge of facts and circumstances would warrant a reasonably cautious man's belief that an offense has been committed and that the person arrested committed it. *People v. Wright* (1986), 111 Ill. 2d 128, 145, 490 N.E.2d 640; *People v. Reynolds* (1983), 94 Ill. 2d 160, 166, 445 N.E.2d 766; *People v. Lippert* (1982), 89 Ill. 2d 171, 178, 432 N.E.2d 605; *People v. Willingham* (1982), 89 Ill. 2d 352, 363, 432 N.E.2d 861.

Whether probable cause exists depends upon the totality of the facts and circumstances known to the officers when the arrest was made. (*People v. Willingham* (1982), 89 Ill. 2d 352, 363, 432 N.E.2d 861; *People v. Millender* (1986), 140 Ill. App. 3d 504, 509, 488 N.E.2d 1105; *People v. Gutierrez* (1985), 136 Ill. App. 3d 774, 782, 483 N.E.2d 944.) Probabilities must be analyzed in accordance with the "factual and practical considerations of everyday life on which reasoned men, not legal technicians, act." (*People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861; *People v. Wright* (1986), 111 Ill. 2d 128, 146, 490 N.E.2d 640.) In addition to his knowledge of the facts and circumstances, the arresting officer's prior law enforcement experience may be considered. (*People v. Wright* (1986), 111 Ill. 2d 128, 129, 490 N.E.2d 640.) Each particular piece of information known to

the police might not individually suffice to establish probable cause, nevertheless, the test is whether all the information considered together reasonably supports the officer's belief that an individual has committed a crime. (*People v. Sargent* (1985), 139 Ill. App. 3d 488, 490-91, 487 N.E.2d 1002.) A circuit court's finding on a motion to suppress due to an unlawful arrest will not be overturned unless it is manifestly erroneous. *People v. Reynolds* (1983), 94 Ill. 2d 160, 165, 445 N.E.2d 766; *People v. Willingham* (1982), 89 Ill. 2d 352, 363-64, 432 N.E.2d 861.

In the case *sub judice*, the police relied initially upon two confidential informants who had previously demonstrated their reliability. Those informants told the police that Strauser was selling drugs at the Delphian House Restaurant. Strauser was already known to the police and had been arrested previously on drug charges. The police began a surveillance of the restaurant and saw Strauser there. Strauser then went to the Burbank State Bank and afterwards on to McDonald's and met Tyrell. Thereafter, they went to a Marathon service station and made a phone call. They then went back to the McDonald's parking lot, got into their individual cars, and drove to an apartment complex. There, Strauser went into a building and came out with a brown briefcase. As he crossed the parking lot, he looked around in all directions. As he approached Tyrell's car, he once again looked all around, then handed the briefcase in through the window. Tyrell handed Strauser a small object which he placed in his back pocket. Tyrell then drove out and was subsequently stopped by police.

■ When the foregoing circumstances are viewed as a whole (*People v. Sargent* (1985), 139 Ill. App. 3d 488, 487 N.E.2d 1002) and coupled with consideration of the arresting officer's previous experience (*People v. Wright* (1986), 111 Ill. 2d 128, 490 N.E.2d 640) it is clear that the police had probable cause to arrest defendants. The circuit court's finding that Strauser and Tyrell did nothing which would lead a reasonably prudent person to believe a crime had been committed was manifestly erroneous and must be reversed.

### III

The State contends, alternatively, that the police had an articulated suspicion when they stopped Tyrell's car and that the suspicion was elevated to probable cause thereafter.

■ Section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 107—14) permits a police officer to stop any person in a public place for a reasonable period of time when he or she reasonably infers from the circumstances that the person

"is committing, is about to commit or has committed an offense \*\*\*, and may demand the name and address of the person and an explanation of his actions." The stopping of an automobile on an articulable suspicion is valid under this act. (*People v. Scarpelli* (1980), 82 Ill. App. 3d 689, 694-95, 402 N.E.2d 915, *cert. denied* (1981), 450 U.S. 915, 67 L. Ed. 2d 340, 101 S. Ct. 1357.) In the present case, the articulable suspicion consists of all the facts, circumstances, and information known to the police and concerning Strauser and Tyrell. After being stopped, Tyrell falsely identified himself as a policeman and he falsely identified the briefcase as "Harry's" whereas the officers had just seen John Strauser give it to him. Additionally, one officer smelled marijuana in the car and believed that it was coming from the briefcase. The circuit court, at the second hearing, found the testimony as to the smell of marijuana to be "incredible." Terming that testimony incredible is equivalent to calling it "inherently improbable" or contrary to the laws of nature and beyond the limits of human belief. (*Bucktown Partners v. Johnson* (1983), 119 Ill. App. 3d 346, 354, 456 N.E.2d 703.) That an officer with over 500 marijuana arrests could detect the "distinctive sweet smell" of raw marijuana is hardly incredible and the circuit court's disbelief is unsupportable. See, *e.g., United States v. Johns* (1985), 469 U.S. 478, 482, 83 L. Ed. 2d 890, 895, 105 S. Ct. 881, 884; *United States v. Gordon* (5th Cir. 1983), 722 F.2d 112; *United States v. Haley* (4th Cir. 1982), 669 F.2d 201, 203-04, *cert. denied* (1982), 457 U.S. 1117, 73 L. Ed. 2d 1329, 102 S. Ct. 2928; *Ingle v. Superior Court* (1982), 129 Cal. App. 3d 188, 181 Cal. Rptr. 39; *State v. Guerra* (1983), 93 N.J. 146, 459 A.2d 1159.

The only distinction between the facts, circumstances and inferences supporting the arrest and those previously found supporting the search warrant is the subsequent use of dogs and their alerting to the briefcase. The dog sniffing added to the probability, but it was not absolutely necessary. The probable cause to arrest and the resulting evidence will stand without it.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded.

Reversed and remanded.

BILANDIC, P.J., and STAMOS, J., concur.