**PAINEWEBBER INCORPORATED,**
Plaintiff–Appellant,

v.

**Franklin FARNAM, Robert Farnam, John Farnam and Edward Jacks,**
Defendants–Appellees.

**No. 88–1169.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 7, 1988.

Decided March 22, 1989.

L. Andrew Brehm, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiff-appellant.

Robert F. Fuchs, Fuchs, Temple & Berman, Chicago, Ill., for defendants-appellees.

Before WOOD, Jr. and COFFEY, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

In this appeal we are asked to review the propriety of a district court order granting summary judgment based on issue preclusion principles. The appellant, PaineWebber Incorporated, filed a civil action in Illinois state court against Edward Jacks. Jacks, along with Franklin Farnam, Robert Farnam, and John Farnam, subsequently filed arbitration complaints against PaineWebber with the National Association of Securities Dealers, Incorporated, and moved to stay the state court proceedings. PaineWebber filed for declaratory judgment in United States District Court, but, prior to a ruling on the matter by the district court, the state court issued a stay order pending the arbitration of Jacks' claims. In granting the defendants' motion for summary judgment, the district court gave the state court order issue preclusive effect. We now hold that the vagueness of the state court order renders both the law of the case and collateral estoppel doctrines, the two bases for the district court decision, inapplicable, and therefore reverse the holding of the district court. In-

---

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

asmuch as there is no genuine issue of material fact, we grant summary judgment in favor of PaineWebber on the defendants' arbitration claims.

## I.

On July 1, 1986, PaineWebber Incorporated (PaineWebber) filed a civil suit against Edward Jacks (Jacks) in the Circuit Court of Cook County, Illinois, to recover monies allegedly due as a result of certain bookkeeping errors in an account maintained by Jacks.

In late October or November of 1986, Jacks filed an arbitration complaint against PaineWebber and Robert Fanning, Sr., the PaineWebber representative responsible for the accounts in question, with the National Association of Securities Dealers, Incorporated (NASD).[1] The arbitration complaint alleged that Mr. Fanning made unsuitable investments and material misrepresentations as to the nature of certain transactions. Jacks sought an arbitral decree compelling PaineWebber to arbitrate pursuant to a 1979 Customer Agreement (the Agreement) with Blyth, Eastman, Dillon and Company, PaineWebber's predecessor in interest, which provided that:

> Any controversy arising out of or relating to my [Jacks'] accounts, to transactions with or for me or to this agreement or breach thereof shall, at the written election of either of us, or sent by registered mail to the other, be submitted to arbitration, in accordance with the laws of the State of New York and the arbitration rules of the New York Stock Exchange.
>
> \* \* \* \* \* \*
>
> This agreement and its enforcement shall be governed by the laws of the State of New York.

At or about the same time, Franklin Farnam, Robert Farnam, and John Farnam (the Farnams) filed similar arbitration complaints against PaineWebber and Mr. Fanning.

On October 28, 1986, Jacks moved to stay the state court proceedings pending arbitration. PaineWebber opposed the motion to stay, primarily on the grounds that: (1) the state court action was not intimately related to the arbitration complaint and therefore not arbitrable; (2) the court, rather than an arbitrator, should determine whether a claim is arbitrable; and (3) the arbitration claims were barred by § 15 of the NASD Code of Arbitration Procedure (the Code), which states that:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this code where six years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy.

PaineWebber argued that, given the fact that Mr. Fanning left its employ on April 11, 1980, any arbitration claim regarding Mr. Fanning's activities had to be filed on or before April 11, 1986 to meet the eligibility requirement established by § 15 of the NASD Code. Thus, the arbitration complaints filed by Jacks and the Farnams in late October and November of 1986 were untimely under the Code.

On April 13, 1987, Jacks filed a reply in support of his motion to stay, and, on April 15, the state court requested briefs on the issue of whether the court or an arbitrator should determine the arbitrability of a claim. Prior to the submission of the memoranda to the state court, PaineWebber moved for a declaratory judgment in federal court pursuant to 28 U.S.C. § 2201. PaineWebber sought a declaration that it need not enter into arbitration with the defendants, inasmuch as there was not a presently enforceable agreement to arbitrate between the parties and the arbitration claims were barred by § 15 of the NASD Code. PaineWebber relied upon § 2(b) of the Illinois Uniform Arbitration Act, which provides that:

**1.** The complaint also named A.G. Becker, Inc., and Dean Witter Reynolds, Inc., as defendants, as each brokerage firm had employed Robert Fanning, Sr. after he had left PaineWebber.

These same firms were also named in the subsequent arbitration complaints filed by Franklin Farnam, Robert Farnam, and John Farnam.

On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate.

Ill.Rev.Stat. ch. 10, ¶ 102(b).

Judge Gomberg, presiding over the proceedings in state court, issued a stay order pending arbitration of the defendant's claims on May 15, 1987, two days after receiving the final brief on the issue of whether the court or an arbitrator should decide the arbitrability question. The stay order declared, in its entirety:

> This cause coming on to be heard on Defendant's Motion to Stay, upon due notice and upon briefs and arguments for counsel, the Court being fully advised in the premises, it is hereby ordered that the Defendant's Motion to Stay is sustained and that this cause is stayed pending arbitration between the parties.

The parties each filed motions for summary judgment in district court following the issuance of the stay order, with the district court granting the defendants' motion for summary judgment and denying PaineWebber's motion for declaratory judgment and cross-motion for summary judgment. In a memorandum opinion and order entered December 30, 1987, the district court concluded that PaineWebber was not entitled to relitigate the arbitrability question, inasmuch as the state court order constituted the law of the case or, in the alternative, that the order was to be given collateral estoppel effect. PaineWebber appeals.

## II.

Although the district court was presented with several issues, the court found it "necessary to address only the preclusive effect of Judge Gomberg's decision of May 15, 1987." *PaineWebber Inc. v. Farnam*, No. 87 C 3595, 1987 WL 34110 (N.D.Ill. Dec. 30, 1987). The district court began by noting that, inasmuch as the state court ruling was one of law rather than one of fact, the law of the case doctrine was the appropriate preclusion doctrine under which to examine the order. In doing so, the district court concluded that "Judge

Gomberg ruled that the arbitrator should decide the limitations issue" and that his ruling constituted the law of the case.

Because the parties presented the preclusion issue as one of collateral estoppel, the district court went on to consider whether the order should be given collateral estoppel effect. Under the four-part test enunciated by this Court in *Kunzelman v. Thompson*, 799 F.2d 1172 (7th Cir.1986), a court should generally invoke collateral estoppel when: (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical. *Id.* at 1176.

In applying the *Kunzelman* criteria, the district court correctly noted that PaineWebber, the party against whom the doctrine was asserted, was a party to the earlier proceeding and, relying upon the fact that the state court issued the stay order just two days after briefs were submitted on the question of whether the court or an arbitrator should decide the arbitrability of a claim, determined that Judge Gomberg actually decided the issue of who should decide the arbitrability question. As to whether the ruling was necessary to the result, the district court acknowledged that this presented "a more difficult question." The district court reasoned that "Judge Gomberg must have concluded that the arbitration complaint did encompass Paine Webber's state claims. The only way in which Judge Gomberg could rationally have stayed the proceedings before him was if he concluded that Jacks' NASD complaint encompassed Paine Webber's state court allegations, and if he concluded that Jacks had a right to have the arbitrator decide the statute of limitations question." Insofar as PaineWebber sought to have the district court address the issue of who should decide the arbitrability question, the district court concluded that the issue presented was identical to the one already decided by the state court. Thus, the district court found that each of the *Kunzelman* criteria was met in the instant case

and ruled that both the law of the case and collateral estoppel doctrines precluded PaineWebber from obtaining a judgment in federal court. As such, the court granted the defendants' motion for summary judgment and denied the PaineWebber motions for summary and declaratory judgment.

### III.

■ We begin our analysis by looking to 28 U.S.C. § 1738, which directs federal courts to give state court judgments the same effect such judgments would be given by the courts of the state in which judgment was rendered.[2] *See, e.g., Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985); *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Harris Trust & Sav. Bank v. Ellis*, 810 F.2d 700, 703 (7th Cir.1987). Section 1738 therefore requires that we turn to the preclusion law of the State of Illinois to determine what preclusive effect the instant state court order should be given in federal court. *Harl v. City of LaSalle*, 679 F.2d 123, 125 (7th Cir.1982).

Happily, Illinois follows traditional preclusion principles, such that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). That is, a prior judgment is generally given issue preclusive effect if: (1) the judgment is a valid final order issuing from a court of competent jurisdiction, *People v. Murphy*, 102 Ill.App.3d 448, 453–54, 58 Ill. Dec. 152, 156, 430 N.E.2d 94, 98 (1981); *People v. Smith*, 72 Ill.App.3d 956, 961, 28 Ill.Dec. 766, 771, 390 N.E.2d 1356, 1361 (1979); and (2) the prior judgment actually decided the issue(s) presented in the subse-

quent proceeding. *Hoffman v. Hoffman*, 330 Ill. 413, 418, 161 N.E. 723, 726 (1928); *City of Chicago v. Westphalen*, 93 Ill. App.3d 1110, 1120, 49 Ill.Dec. 419, 427–28, 418 N.E.2d 63, 71–72 (1981), *cert. denied*, 455 U.S. 996, 102 S.Ct. 1625, 71 L.Ed.2d 858 (1982).

■ Although Illinois cases frequently confuse the various preclusion and preclusion-related doctrines (as do our own decisions in the federal system), we agree with the district court that the law of the case doctrine is the most appropriate doctrine under which to examine the instant stay order. Collateral estoppel or issue preclusion typically involves a finding of fact by a trial court which binds all subsequent proceedings as to that factual issue. *Telegraph Sav. & Loan Ass'n v. Schilling*, 105 Ill.2d 166, 177–78, 85 Ill.Dec. 322, 327, 473 N.E.2d 921, 926 (1984); *Hoffman*, 330 Ill. at 417, 161 N.E. at 725. Unlike the collateral estoppel paradigm, however, the instant ruling was one of law rather than one of fact.

The law of the case doctrine provides that once a competent court rules on a question of law, that ruling is generally binding on courts of equal or inferior dignity as to that legal issue between the same or substantially similar parties given the same material facts. *Bismarck Hotel Co. v. Sutherland*, 175 Ill.App.3d 739, 743, 125 Ill.Dec. 15, 19–20, 529 N.E.2d 1091, 1095–96 (1988); *Bank of Aspen v. Fox Cartage, Inc.*, 158 Ill.App.3d 939, 953, 110 Ill.Dec. 914, 923, 511 N.E.2d 1234, 1243 (1987); *Johnson v. Figgie Intern, Inc.*, 151 Ill. App.3d 496, 502–03, 104 Ill.Dec. 300, 305, 502 N.E.2d 797, 802 (1986); 14 Illinois Law and Practice *Courts* § 74 (1968). While the law of the case doctrine is most commonly invoked upon remand from an appellate ruling on a question of law, *Martin v. Federal Life Ins. Co. (Mut.)*, 164 Ill.App.3d 820, 823, 115 Ill.Dec. 781, 784, 518 N.E.2d 306, 309 (1987); *People v. Feagans*, 134

---

**2.** 28 U.S.C. § 1738 provides that:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States....

Such acts, records and judicial proceedings or copies thereof ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Ill.App.3d 252, 257, 89 Ill.Dec. 267, 271, 480 N.E.2d 153, 157 (1985), the law of the case doctrine has been applied by federal courts to orders issuing from state courts. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 (1981).

In order for a ruling to constitute the law of the case, the question of law presented in the current action must have been actually decided in the former proceeding. *Bank of Aspen,* 158 Ill.App.3d at 953, 110 Ill.Dec. at 923, 511 N.E.2d at 1243; *Smith,* 72 Ill.App.3d at 962, 28 Ill.Dec. at 771, 390 N.E.2d at 1361; *People v. Strauser,* 146 Ill.App.3d 128, 132, 100 Ill.Dec. 66, 68, 496 N.E.2d 1131, 1133 (1986). An issue may be "actually decided" even without an express ruling if a court can determine that the issue in question was decided by necessary implication. Restatement (Second) of Judgments § 27 comment g (1982). *See also Morrow v. Dillard,* 580 F.2d 1284, 1290 (5th Cir.1978). If an issue was not actually decided or decided by necessary implication, the prior ruling does not constitute the law of the case in the later proceeding. *Feagans,* 134 Ill.App.3d at 257, 89 Ill.Dec. at 271, 480 N.E.2d at 157.

The question presented to this Court is whether the state court order is sufficiently clear for us to discern the issues actually decided by the court. Given the state court's request for briefs on the question of whether the court or an arbitrator should decide the arbitrability of a claim and the fact that the stay order was entered just two days after the briefs had been submitted, it seems clear that the court decided that an arbitrator should decide whether the defendants' arbitration claims were timely under the NASD Code. It is much less clear, however, whether the state court decided if the original PaineWebber cause of action was arbitrable, and

there is nothing in the order to indicate that the issue was actually decided. The district court surmised that the state court "must have concluded" that the PaineWebber claim was arbitrable, for only then would the state court order be intelligible.

It is true that, where it is unclear what was actually decided and one reasonable possibility is that the lower court decided the issue correctly, we would ordinarily assume that no error had been made. This seems to have been the approach taken by the district court. The record of the proceedings in state court are not so equivocal, however, that we may indulge in such an inference. We are at a loss to conclude that the state court actually decided the relevant issue (*i.e.,* whether PaineWebber's cause of action was arbitrable), as the record indicates that the state court might well have based its decision to issue the stay order on different grounds (*i.e.,* that an arbitrator should decide whether the defendant's claims were arbitrable). We are unwilling to invoke the law of the case doctrine where it is unclear whether a ruling was made on the relevant question of law and the extrinsic evidence seems to point to the contrary. The vagueness of the state court order, when coupled with the attention given to peripheral issues,[3] renders the stay order defective for the purposes of establishing the law of the case.

Although Illinois preclusion law is controlling in the case presently before this Court, we find the decision in *O'Neill v. Merrill Lynch, Pierce, Fenner & Smith,* 654 F.Supp. 347 (N.D.Ill.1987), to be instructive. In *O'Neill,* an arbitration panel issued a decision stating that "having heard and considered the proofs of the parties, [we] have decided and determined the claim of the claimant is hereby in all

---

**3.** The appellees argue that the issues presented to the state court were confused as a result of PaineWebber's arguments and PaineWebber should not now be heard to complain that the court decided issues not properly before it. Although PaineWebber may well have muddied the proceedings by raising the issues of whether the arbitration claims were barred by § 15 of the NASD Code and whether the court or an arbitrator should decide the arbitrability of a

claim, there is no indication that these arguments were purposefully made to confuse, distract, or mislead the court. If there were such evidence of abuse of judicial processes, then, of course, we would *not* be willing to entertain an argument that the lower court erred in entering its judgment. Absent such evidence, however, we are unwilling to penalize PaineWebber for making what are admittedly mistaken arguments.

respects dismissed...." *Id.* at 349. When the plaintiff filed an amended complaint with allegations nearly identical to those presented at arbitration, the district court refused to give issue preclusive effect to the arbitral decree. The district court reasoned that "[t]he difficult question in determining whether to apply collateral estoppel in this case is whether the arbitrators necessarily resolved and decided the issues on the merits. The panel's decision consists of no more than a sentence dismissing plaintiff's claim 'in all respects.' The ambiguity of the arbitration decision ... prevents us from applying collateral estoppel." *Id.* at 352.

Like the district court in *O'Neill,* we are unable to conclude that the one-sentence stay order entered by the state court actually and necessarily decided the issue presented. As such, the vagueness [4] of the stay order prevents us from applying the law of the case doctrine to preclude litigation of the matter in a federal forum.

In looking at the merits of the instant action, we note that the NASD reads § 15 of the NASD Code to be an eligibility requirement rather than a statute of limitations. Letter from John R. Wylie, NASD Staff Attorney, to Walter C. Greenough (August 5, 1988) ("In other words, the NASD will not process a claim that falls wholly outside the six year period"). Section 15 therefore serves as an absolute bar to claims submitted for arbitration more than six years after the event which gave rise to the dispute. *In the Matter of Arbitration between County of Rockland and Primiano Construction Co.,* 51 N.Y.2d 1, 431 N.Y.S.2d 478, 409 N.E.2d 951 (1980). Insofar as the defendants' arbitration complaints were filed more than six years after Mr. Fanning left the employ of PaineWebber, the claims are barred by § 15 of the NASD Code and PaineWebber need not enter arbitration with the defendants.

## IV.

While the instant appeal comes before this Court on appeal from summary judgment, the issues presented are questions of law and therefore subject to *de novo* review. *Bright v. Land–O'Lakes, Inc.,* 844 F.2d 436, 438 (7th Cir.1988). Given the undisputed facts before us, we VACATE the district court order granting summary judgment in favor of the defendants and REMAND to the district court with directions to enter summary judgment in favor of the appellant, PaineWebber.

---

**4.** Although the *O'Neill* court spoke of "ambiguity" with respect to the one-sentence arbitration decision, 654 F.Supp. at 352, we believe that such orders are improperly vague rather than ambiguous. The stay order at issue in the instant case is not defective by virtue of its multiple meanings, but because of its uncertain meaning.