**Donald J. JOHNSON, Plaintiff,**

v.

**Patrick H. BURKEN, Defendant.**

No. 89 C 1580.

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1989.

Edgar K. Collison, III, Early Collison Tousey Regan & Sullivan, Northbrook, Ill., for plaintiff.

Herbert P. Carlson, Iversen, Carlson & Associates, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Patrick H. Burken has moved to dismiss, under Rule 12(b)(5), for the insufficiency of service of process. For the reasons set forth below, that motion is denied.

### Background

On August 29, 1986, defendant Burken and plaintiff Donald Johnson were involved in an automobile accident while both were driving on Green Bay Road in Waukegan, Illinois. Johnson blamed Burken for this accident, and consequently, in May 1988, he brought this suit against Burken in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois. In September of the same year, Johnson purported to serve Burken, pursuant to Illinois' non-resident motorist statute, Ill.Rev.Stat. ch. 95½, para. 10–301(b).[1] Johnson served a summons on Secretary of State Jim Edgar on September 8. Within ten days thereafter, on September 15, Johnson mailed a copy of the summons and complaint to Burken at his last known address. Subsequently, Johnson filed an affidavit of compliance with the Clerk of the Circuit Court.

But there was a slight problem with the service of process. Even though the affidavit stated that the copy of the summons and complaint had been sent to Burken's last known address by registered mail, as required by statute, Johnson's attorney had

---

1. Section 10–301(b) provides:

(b) Service of such process shall be made by serving a copy upon the Secretary of State or any employee in his office designated by him to accept such service for him, or by filing such copy in his office, together with an affidavit of compliance from the plaintiff instituting the action, suit, or proceeding, which states that this Section is applicable to the proceeding and that the plaintiff has complied with the requirements of this Section, and a fee of $5 and such service shall be sufficient service upon the person, if notice of such service and a copy of the process are, within 10 days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons.

actually sent it by certified mail. Burken never received the summons and complaint, although it is not clear whether he would have received them had they been sent by registered mail. At any rate, the summons and complaint ultimately were returned to sender, and Burken's insurance company only learned of the suit in October 1988, when Johnson's attorney sent a letter suggesting settlement. The record does not reveal when Burken, a member of the Navy who apparently was at sea during this time, learned of the suit.

Burken's insurance company retained counsel on Burken's behalf, and counsel entered a limited appearance in state court. Counsel subsequently moved to quash service as insufficient, but on January 31, 1989, Judge Jack Hoogasian, to whom the case was assigned, denied the motion to quash. On February 9, Judge Hoogasian also denied Burken's motion to vacate and reconsider. On February 27, Burken removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Our jurisdiction is premised on the diversity of citizenship between Johnson, a citizen of Illinois, and Burken, a citizen of Iowa.

Soon after removing the case to this Court, Burken filed his first motion to dismiss, making the same arguments that he had made before Judge Hoogasian in state court: first, that service was improper because Johnson had sent the required copies of the summons and complaint by certified rather than registered mail, and second, that Johnson's affidavit of compliance failed to establish that Burken was actually a non-resident of Illinois and thus failed to establish that the non-resident motorist statute applied. (Curiously, Burken made this second argument even though his notice of removal admitted that he was a resident of Iowa.) Johnson responded that Burken was collaterally estopped to make either argument, since Judge Hoogasian had already rejected them. Johnson also informed us, however, that he had again attempted service on Burken, who was at this time stationed in Norfolk, Virginia. It was our understanding that Burken did not dispute that Johnson's second attempt at service was proper. Accordingly, on May 30, we denied Burken's first motion to dismiss as moot.

As it turned out, our understanding was incorrect, for on June 8, Burken filed his second motion to dismiss. This time he contended that Johnson's second attempt at service was improper because it did not comport with the requirements of the Illinois Long–Arm Statute. Johnson again responded by arguing that his original attempt at service was sufficient, and that the validity of the second attempt at service need not be considered. We agree with Johnson that the arguments raised in the second motion to dismiss need not be considered. As we describe in more detail below, Judge Hoogasian's decision is now the law of the case, and we are unwilling to disturb it.

Analysis

■ The Seventh Circuit has held that "[i]n determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made, and the question of amenability to suit in diversity actions continues to be governed by state law even after removal." *Allen v. Ferguson,* 791 F.2d 611, 616 n. 8 (7th Cir.1986); *see also* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1082, at 5–6 (2d ed.1987). Applying Illinois law, Judge Hoogasian concluded that service was sufficient. This decision clearly is not binding on us; "[b]eing interlocutory, [the state court's decision is] subject to reconsideration, and [continues] to be so up to the passing of a final decree." *General Investment Co. v. Lake Shore & Michigan Southern Railway Co.,* 260 U.S. 261, 267, 43 S.Ct. 106, 110, 67 L.Ed. 244 (1922); *see also Daniels v. McKay Machine Co.,* 607 F.2d 771, 774 (7th Cir.1979). Still, the Seventh Circuit and a leading treatise indicate that a federal court may invoke the law of the case doctrine to follow decisions issued by a state court prior to removal. *See PaineWebber Inc. v. Farnam,* 870 F.2d 1286, 1291 (7th Cir.1989); *Redfield v. Continental Casualty Co.,* 818 F.2d 596, 605 (7th Cir. 1987); 18 C. Wright, A. Miller & F. Cooper,

*Federal Practice and Procedure* § 4478 at 797–98 (1981).[2]

At its most basic, the law of the case doctrine "provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Redfield,* 818 F.2d at 605. "In order for a ruling to constitute the law of the case, the question of law presented in the current action must have been actually decided in the former proceeding." *PaineWebber,* 870 F.2d at 1291. An issue may be "actually decided" even if the original court did not make an express ruling, if the latter court "can determine that the issue in question was decided by necessary implication." *Id.* The Seventh Circuit has emphasized that the law of the case is a discretionary doctrine, and will not be enforced where it is clearly erroneous or where doing so would produce an injustice. *Redfield,* 818 F.2d at 605.

■ Applying these general principles to this case, we conclude that Judge Hoogasian decided, by necessary implication, the legal issues raised by Burken's first motion to dismiss in this Court. To be sure, Judge Hoogasian's handwritten orders do not specify the grounds for his decision; indeed, both orders might be summarized simply as "motion denied." However, both in this Court and in state court, Burken has presented two legal issues: whether certified mail is sufficient under section 10–301 and whether Johnson's affidavit of compliance established that the non-resident motorist statute applied. Because Judge Hoogasian found that service was proper, he necessarily, though not explicitly, rejected Burken's position on both points.

Nor can we say that either decision was clearly erroneous or produced an injustice. First, with regard to the propriety of certified mail under section 10–301, we note that at least one Illinois appellate court has held that certified mail will suffice under a statute calling for registered mail. *Olin Corp. v. Bowling,* 95 Ill.App.3d 1113, 51 Ill.Dec. 489, 420 N.E.2d 1047 (5th Cir.1981). Certainly, the facts of *Bowling* may be distinguished—in that case, it was necessary to send notices to 3801 people—but the decision indicates that Illinois courts do not always strictly adhere to the requirement of registered mail. Moreover, we note that commentary to the Illinois practice rules states that "certified mail is the functional equivalent of registered mail for court purposes." Ill.Ann.Stat. ch. 110A, para. 105 Historical and Practice Notes at 146 (West 1985) (authored by A. Jenner, P. Tone & A. Martin). To be sure, there are strong arguments to the contrary, which Burken's counsel has ably made. Perhaps if this were before us as an original matter, we might decide it differently, but we cannot say that Judge Hoogasian's decision on this point was clearly erroneous. Nor can we see any injustice in the use of certified mail. True, Burken did not receive the summons and complaint by certified mail, but since there was no forwarding address, registered mail would not have reached him either.

Judge Hoogasian's second implicit decision—that the non-resident motorist statute applies to Burken—presents even less difficulty. The decision is not merely not clearly erroneous; it is clearly correct. The Illinois non-resident motorist statute provides a method of service for a person who "is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State." Ill. Rev.Stat. ch. 95½, para. 10–301(a). Burken admitted in his notice of removal that he resided in Iowa at the time the suit commenced, so he at least fit into the second category, if not the first. Burken argues, however, that Johnson's affidavit of compliance was insufficient to establish that Burken was a non-resident, since it con-

---

**2.** Johnson has argued that the collateral estoppel doctrine applies here, but the law of the case seems the more appropriate theory. As the Seventh Circuit has explained, "Collateral estoppel or issue preclusion typically involves a finding of fact by a trial court which binds all subse- quent proceedings as to that factual issue." *PaineWebber,* 870 F.2d at 1290. Here, however, the state court's ruling essentially involved questions of law, not of fact, so if any doctrine applies, it is the law of the case doctrine. *See id.*

tained only an unsupported statement that Burken did not reside in Illinois. Burken relies heavily on *Allied American Insurance Co. v. Mickiewicz*, 124 Ill.App.3d 705, 80 Ill.Dec. 129, 464 N.E.2d 1112 (1st Dist. 1984), but he reads that case too broadly. In *Allied*, plaintiff twice attempted personal service, but the two summonses were returned, marked "not found" and "wrong address." Plaintiff then filed a summons on the Secretary of State, pursuant to the non-resident motorist statute, and subsequently filed an affidavit of compliance with the state court, stating "on information and belief the defendant is a non-resident of the State of Illinois or was a resident of this State and subsequently became a non-resident." An *ex parte* judgment was thereafter entered against defendant. However, the defendant later appeared, moved to quash service and vacate judgment, because he was at all times a resident of Illinois and the non-resident statute therefore did not apply. The appellate court agreed that the *ex parte* judgment was therefore void. After deciding this, the court went on to criticize the plaintiff's affidavit of compliance. The court stated that the plaintiff "may not assume that difficulty on the part of a deputy sheriff in attempting to serve process upon an individual is tantamount to a status of non-residency for that individual." *Allied*, 124 Ill. App.3d at 710, 80 Ill.Dec. at 132, 464 N.E.2d at 1115. The court also indicated that an attorney should make personal inquiry into the residence of the person to be served.

We do not know whether Johnson's attorney made such a personal inquiry, since his affidavit merely states that "Defendant does not reside in Illinois." It may be that he made personal inquiry, or it may be that he improperly assumed that because Burken was not at his Illinois address, he no longer resided in Illinois. But even if the latter is true, that does not mean that service was improper under the non-resident motorist statute. The *Allied* court's decision does not suggest otherwise. The *Allied* court determined whether the non-resident statute applied by determining whether the defendant was a non-resident. Only after the court decided that the defendant was a resident, thereby "effectively dispos[ing] of the present appeal," *id.* at 709, 80 Ill.Dec. at 132, 464 N.E.2d at 1115, did it go on to criticize the attorney's failure to make personal inquiry. We read the court's discussion of the attorney's failure as only an admonition; it was not the basis for its decision that the non-resident statute was improperly invoked. We will likewise admonish Johnson's attorney for his failure to indicate in his affidavit that he had made inquiry into Burken's whereabouts. But because Burken was not and is not a resident of Illinois, we will not disturb Judge Hoogasian's holding that the non-resident motorist statute was properly applied here, and that service was therefore proper. We will therefore dismiss Burken's first motion to dismiss for the insufficiency of service of process.[3] Because Johnson's original attempt at service of process was unsuccessful, we will also deny Burken's second motion to dismiss as moot.

### Conclusion

For the reasons set forth above, we vacate our order of May 30, denying as moot Burken's motion to dismiss dated March 28, 1989. We now deny the March 28 motion to dismiss on the merits. We also deny Burken's second motion to dismiss,

---

**3.** In the first paragraph of his first motion to dismiss, Burken states that he is bringing the motion not only under Rule 12(b)(5) but also under Rule 12(b)(2), lack of jurisdiction over the person, and Rule 12(b)(4), insufficiency of process. However, Burken has not argued, and we do not see, how either provision is applicable here. Rule 12(b)(2) is used to challenge a court's personal jurisdiction over a defendant— that is, whether the court has the power, consistent with the constraints of due process, to adjudicate the defendant's rights and liabilities. Burken does not challenge our power to adjudicate his rights, but rather argues that Johnson has not properly invoked that power. Rule 12(b)(4) is likewise not on point. A Rule 12(b)(4) motion goes to the content of the summons, but Burken does not challenge the contents of the summons. Rather, he contends that the summons was never properly served upon him. (For a general discussion of the differences between parts (2), (4) and (5) of Rule 12(b), *see* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1353 (1969).)

dated June 8, 1989, as moot. It is so ordered.

